UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SKYLER FABIAN WHITE,<br><br>Petitioner,<br><br>vs.<br><br>ALEJANDRO REYES,<br><br>Respondent. | 4:25-CV-04103-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Petitioner, Skyler Fabian White, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. Docket 1. Respondent, Alejandro Reyes, moved to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket 8. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Duffy submitted her report and recommended granting Reyes's motion to dismiss in its entirety. Docket 12. White timely filed objections to the report and recommendation. Docket 14.

**FACTUAL BACKGROUND**

A full factual background was provided by Magistrate Judge Duffy in her Report and Recommendation. Docket 12 at 1-5. Thus, the court will only give a simple explanation and points to Magistrate Judge Duffy's Report and Recommendation for the full background.

White pleaded guilty to four counts of criminal sexual conduct with a minor in state court and was sentenced on September 28, 2022. *Id.* at 2; *see*

*also State v. White*, 49 CRI 22-105 at 2010 (2d Jud. Cir., Minnehaha Co.). White's counsel appealed the matter to the South Dakota Supreme Court, where his case was remanded on March 13, 2023. Docket 12 at 2 (citation omitted). On remand, White was resentenced, and appealed a second time. *Id.* at 3 (citation omitted). The case was later dismissed on February 1, 2024, for failure to prosecute due to White's failure to timely file a brief. *Id.* at 3.

With his avenues for direct appeal exhausted, White then filed a habeas petition in state court on August 13, 2024. *Id.*; *see also White v. Fluke*, 49 Civ. 24-3934 (2d Jud. Cir., Minnehaha Cnty.). White alleged that his trial counsel had been ineffective for failing to move to suppress certain evidence that was obtained through searches of two cell phones that were seized from him by police. Docket 12 at 3 (citation omitted). But he did not attack the validity of his plea under the Sixth Amendment. *Id* (citation omitted). Because he did not challenge his plea, the state circuit judge dismissed his petition without holding an evidentiary hearing, noting that a plea of guilty waives all non-jurisdictional errors that occurred prior to the entry of the plea. *Id.* at 3-4 (citation omitted). White then sought a certificate of probable cause from the circuit court, which was denied on October 30, 2024. *Id.* at 4. He did not seek a certificate of probable cause from the South Dakota Supreme Court. *Id.*

White filed a second habeas petition in state court the next year. *Id.*; *see also White v. Reyes,* 49 CIV 25-1534 at 5 (2d Jud. Cir., Minnehaha Cnty.). This time, he did attack the knowing, voluntary, and intelligent nature of his plea by alleging that his plea was coerced by his former trial counsel. Docket 12 at 4

(citation omitted). But the South Dakota Circuit Court dismissed the petition because South Dakota law prohibits the filing of second and successive habeas petitions absent newly discovered evidence or a new rule of constitutional law announced by the United States Supreme Court made retroactive to all cases on collateral review. *Id.* at 4-5 (citation omitted); *see also* SDCL § 21-27-5.1. White did not allege that these exceptional circumstances applied to his case and his petition was again dismissed by the state circuit court as barred. Docket 12 at 5 (citation omitted). This time, White did not seek a certificate of probable cause from the circuit court or from the South Dakota Supreme Court following the petition's dismissal. *Id.*

White filed this federal habeas petition on June 16, 2025, reasserting his previous arguments that his guilty plea was invalid under the Sixth Amendment because it was coerced by his trial counsel and because counsel did not move to suppress the evidence found on his cell phone. *Id.*; Docket 1 at 5-6. Reyes moved to dismiss the petition for a writ of habeas corpus without holding an evidentiary hearing because the petition is time-barred and procedurally defaulted. *See* Docket 8. Magistrate Judge Duffy filed her Report and Recommendation (Docket 12) and White timely filed his objections (Docket 14).

## REVIEW OF REPORT AND RECOMMENDATION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's

3

recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994).

## II. Analysis

### A. Timeliness

In Magistrate Judge Duffy's Report and Recommendation, she concluded that White's petition was timely filed. Docket 12 at 7-11. Neither party filed an objection to this recommendation. The court has reviewed the recommendation de novo and adopts it in full.

### B. Procedural Default

After finding the federal habeas corpus action to have been filed in a timely manner, Magistrate Judge Duffy concluded that White's petition is procedurally defaulted. *Id.* at 11-15. Magistrate Judge Duffy concluded that White's habeas corpus claims can no longer be presented in state court due to South Dakota law that prohibits a second or successive petition except under limited circumstances. *Id.* at 14. Federal courts can only consider claims on the merits that are procedurally barred and unexhausted "if the petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). Because White failed to allege facts that would show cause for his procedural default or that he was actually innocent,

Magistrate Judge Duffy recommended dismissing the petition with prejudice. *Id.* at 15. White objects to this recommendation. Docket 14.

Under the Antiterrorism and Effective Death Penalty Act, federal district courts cannot review a § 2254 habeas claim's merits until a petitioner exhausts all constitutional claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993) (citation omitted). South Dakota law provides that state habeas petitions may be reviewed by the South Dakota Supreme Court on appeal, but only after the circuit court judge who renders the judgment or a justice of the court issues a certificate of probable cause that an appealable issue exists. *See* SDCL § 21-27-18.1; Docket 12 at 12. It follows that if the South Dakota Supreme Court has neither reviewed the petition nor issued a certificate of probable cause, then the state-level claim remains unexhausted. Such is the case here; White did not obtain a certificate of probable cause from the state circuit court or the South Dakota Supreme Court in either of his habeas cases. Docket 12 at 11-13. Thus, White's claims are unexhausted.

Next, the court needs to consider whether White's failure to exhaust his claims in state court is curable if White's federal habeas petition was dismissed without prejudice. Under South Dakota law, "[a]

5

motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered [by the trial court]." SDCL § 21-27-18.1. That time has long passed for both of White's state habeas petitions. His first habeas petition was dismissed on September 17, 2024, and his second was dismissed on March 27, 2025. Docket 12 at 3, 5 (citations omitted). White also could not obtain relief by filing a third state petition because South Dakota law only permits the filing of second or successive petitions when they are based on newly discovered evidence or a new rule of constitutional law announced by the United States Supreme Court and made retroactive to cases on collateral review. See SDCL § 21-27-5.1. White has not alleged that either exception applies here. Thus, because White's claims remain unexhausted and could not be exhausted by any further state court action, this court agrees with Magistrate Judge Duffy that White's claims are procedurally defaulted.

  In his objections, White contests Magistrate Judge Duffy's finding of a procedural default by raising the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). White argues that *Martinez* stands for the proposition that procedural default can be overcome if state courts did not appoint counsel to the petitioner for the initial collateral review proceeding when a claim of ineffective assistance of counsel was raised, or if the counsel he did have in the initial collateral review proceeding was ineffective under the standards of *Strickland v.*

6

*Washington*, 466 U.S. 668 (1984). *See* Docket 14 at 3-4. Because White is alleging ineffective assistance of counsel here, he argues that *Martinez's* holding should apply.

But White seems to misunderstand the procedural background of *Martinez*. *Martinez* involved a situation where a habeas petitioner's counsel *at the first stage of a collateral habeas claim* was alleged to be ineffective. *Martinez*, 566 U.S. at 7. It is intuitive that this could excuse a procedural default. Imagine that on the ineffective advice of a habeas petitioner's counsel, a prisoner failed to exhaust all remaining state-level avenues for relief, simply because he was never advised that he needed to do so, and a procedural default results. This petitioner's case would terminate, and a subsequent refusal by any court to review the case due to the procedural default would mean that no court would ever review that ineffective attorney's errors. That situation—which the Supreme Court considered in *Martinez*—is not present in White's case. White instead alleges ineffectiveness by counsel in his initial criminal case. Docket 1 at 5. Here, a South Dakota Circuit Court did entertain the merits of White's claims of ineffective assistance of counsel and rejected them. Docket 12 at 4. White's invocation of *Martinez* is thus misplaced, and this court agrees with Magistrate Judge Duffy's conclusion that his claims are procedurally defaulted. Thus, this court dismisses White's petition with prejudice. *See Armstrong v. Iowa*, 418 F.3d 924, 926-27

(8th Cir. 2005) (establishing that dismissal with prejudice is appropriate where the ground for dismissal is procedural default).

## CERTIFICATE OF APPEALABILITY

To appeal the denial of a § 2254 motion, a petitioner must first seek a certificate of appealability from the district court. *See* 28 U.S.C. § 2253(c). The certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet the substantial showing requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

White has not made a substantial showing that his claims are debatable among reasonable jurists, that a court could resolve his claims differently, or that any of the issues raised in his claims deserve further proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Magistrate Judge Duffy's report and recommendation (Docket 12) is adopted in full. It is

8

FURTHER ORDERED that White's objections to the report and recommendation (Docket 14) are overruled. It is

FURTHER ORDERED that Reyes's motion to dismiss (Docket 8) is granted and White's petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket 1) is denied with prejudice. It is

FURTHER ORDERED that a certificate of appealability is not issued.

Dated February 9, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE